117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CORAZON NATIVIDAD CRUS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70764, Auk-myp-whx.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Corazon Natividad Cruz, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") order denying her applications for political asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1258(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Cruz contends that the IJ erred by concluding that she failed to present plausible evidence of past persecution or a well-founded fear of future persecution on account of her political opinion and, consequently, that substantial evidence does not support the denial of asylum. This contention lacks merit.
 
 
 4
 The determination that an applicant is not eligible for asylum must be upheld unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996) (citation omitted).
 
 
 5
 This court reviews the credibility findings of the BIA and the IJ for substantial evidence. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. See id. at 1398. An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a "specific, cogent reason" for the disbelief. See id. at 1399. The IJ must identify the specific inconsistencies on which he rests his adverse credibility determination, addressing in a reasoned manner any explanations offered for these perceived inconsistencies. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1991); cf. Osorio v. INS, 99 F.3d 928, 932 (9th Cir.1996) (noting that applicant's credibility cannot be rejected before an examination of what seems to be a plausible explanation for any perceived inconsistencies).
 
 
 6
 The IJ found that Cruz' testimony was vague, ambiguous and unconvincing, and that there were significant discrepancies between her testimony and her asylum application. The IJ pointed out these inconsistencies, noting that: (1) the declaration supporting Cruz' asylum application suggests that she was a member of certain political groups, while her testimony indicates that she was a member of other groups; and (2) the declaration states that she lived in one place, while her testimony was that she lived in another. The IJ also pointed out discrepancies as to the details describing an incident in July of 1990, when unidentified gunmen sprayed her weekend home with bullets, and another incident in April of 1990, when her house was ransacked and she was forced to flee and hide. The IJ also found it implausible that "this deeply religious woman participated significantly, as an informant, for the Civilian Home Defense Force." At the beginning of the hearing, the IJ provided Cruz the opportunity to point out any errors in her application, but neither she nor her attorney brought them to his attention. Therefore, the IJ concluded that Cruz did not satisfactorily explain the discrepancies, which are supported by the record. See Berroteran-Melendez, 955 F.2d at 1256. Thus, the IJ's adverse credibility determination and, consequently, his conclusion that Cruz is ineligible for asylum, are supported by substantial evidence. See Turcios, 821 F.2d at 1399.[1]
 
 
 7
 Because Cruz failed to demonstrate a well-founded fear of persecution required for asylum, we need not address whether she would meet the more stringent standard of a clear probability of persecution required for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although it is unclear whether the BIA adopted the IJ's credibility findings or conducted a de novo review, both agree on the reasons they found Cruz incredible. To the extent that the BIA conducted a de novo review of Cruz' explanation for the discrepancies in her testimony and application, we conclude that substantial evidence supports the BIA's findings. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995)